THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:17-cv-604

Stacy Monroe, as administrator for
the Estate of Erline Freeman

        Plaintiff,

    v.                            AMENDED FEDERAL COMPLAINT

Forjas Taurus, Taurus International
Manufacturing, and Taurus Holdings,
Inc.

        Defendants

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs and diversity of citizenship exists between the named Plaintiff and Defendants.

2. Diversity of citizenship exists in this case for purposes of subject matter jurisdiction.

3. The named Plaintiff is a citizen of North Carolina and none of the Taurus Defendants are citizens of North Carolina. Defendants Taurus International Manufacturing, Inc. ("Taurus Manufacturing") and Taurus Holdings, Inc. ("Taurus Holdings") are citizens of Florida as they are Florida corporations with their headquarters and/or principal places of business in Miami, Florida. Forjas Taurus, S.A. ("Forjas Taurus") is a citizen of Brazil as it is a Brazilian corporation with its principal place of business at Avenida de Forte, 511, Porto Alegre/RS, Brazil.

4. This Court has personal jurisdiction over each of the Taurus Defendants.

5. This Court has personal jurisdiction over Defendants Taurus Manufacturing and Taurus holdings because these Defendants are Florida corporations, have their headquarters and/or principal places of business in Miami, Florida and are engaged directly and through their agents in systematic and ongoing business transactions in the State of North Carolina and within this District, including but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of Pistols as well including the subject matter Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol as other conduct in North Carolina as described herein.

6. This Court has specific and general personal jurisdiction over Defendant Forjas Taurus pursuant to the North Carolina long-arm statute, N.C. Gen. Stat. § 1-75.4 (1)d and (4) a & b. Defendant Forjas Taurus, directly and by and through its agents, including but not limited to Defendants Taurus Manufacturing and Taurus Holdings, has engaged in systematic and ongoing business transactions in the State of North Carolina including the marketing, solicitation, sale and distribution of Pistols and other firearms and the use of such products within the State of North Carolina in the ordinary course of trade. Defendant Forjas Taurus, directly and by and through its agents, including but not limited to Defendants Taurus Manufacturing and Taurus Holdings, has had continuous and substantial business connections in the State of North Carolina, including, upon information and belief, conducting business with individuals located in this State.

7. This Court has specific personal jurisdiction over Defendant Forjas Taurus because Defendant Forjas Taurus, directly and by and through its agents, including but not limited to Defendants Taurus Manufacturing and Taurus Holdings, as more fully described herein, has:

    a. operated, conducted, engaged in, or carried out a business venture in the State of

North Carolina, including but not limited to, manufacturing the Pistols and other firearms in Brazil under the "Taurus" brand name, importing the Pistols and other firearms under the "Taurus" brand name from Brazil into the State of North Carolina, distributing the Pistols and other firearms in North Carolina and throughout the United States under the "Taurus" brand name, and receiving revenues from such importation and distribution of the Pistols and other firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under N.C Gen Stat. §1-75.4 (1)d and (4) a & b.

b. committed various tortious acts within the State of North Carolina, including but not limited to, intentionally concealing the Safety Device Defect from Plaintiff's Decedent and the public residing inside and outside of North Carolina, such that specific personal jurisdiction arises under N.C Gen Stat. §1-75.4 (1)d and (4) a & b;

c. caused injury to persons within the State of North Carolina while it was engaged in solicitation of within the State of North Carolina, including but not limited to, injury to the Plaintiff's Decedent in North Carolina caused by the Safety Device Defect while Defendant Forjas Taurus solicited service activities within North Carolina, such that specific personal jurisdiction arises under N.C Gen Stat. §1-75.4 (1)d and (4) a & b; and

d. caused injury to persons within the State of North Carolina arising out of an act or omission by it outside of the State of North Carolina while products, materials, or things processed, serviced, or manufactured by it in Brazil and elsewhere were used or consumed within the State of North Carolina in the ordinary course of commerce, trade, or use, including but not limited to, causing injuries to Plaintiff Decedents residing in North Carolina arising out of the design,

manufacture, distribution, and marketing of Pistols outside of North Carolina while Pistols processed, serviced, or manufactured by Defendant Forjas Taurus in Brazil and elsewhere were used or consumed within North Carolina in the ordinary course of commerce, trade, or use, such that specific personal jurisdiction arises under N.C Gen Stat. §1-75.4 (1)d and (4) a & b.

8. This Court has general personal jurisdiction over Defendant Forjas Taurus because, as described more fully herein, it has engaged in substantial and not isolated activity within the State of North Carolina, including but not limited to, the continuous, ongoing, extensive importation of thousands of Pistols and other firearms into the State of North Carolina from Brazil under the "Taurus" brand name and distributing the Pistols and other firearms in North Carolina and throughout the United States under the "Taurus" brand name, such that general personal jurisdiction arises under N.C Gen Stat. §1-75.4 (1)d and (4) a & b.

9. Plaintiff believes that it may require further discovery as pertains to any challenge to personal jurisdiction in this action.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as to all the Taurus Defendants because as described herein a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. The Taurus Defendants regularly and systematically conduct business in North Carolina and in this judicial district, including but not limited to, the continuous, ongoing, extensive importation of thousands of Pistols and other firearms into the State of North Carolina from Brazil under the "Taurus" brand name and distributing the Pistols and other firearms into North Carolina and throughout the United States under the "Taurus" brand name. Moreover, upon and information belief, much of the challenged conduct surrounding the

Taurus Defendants' defective Pistols occurred in North Carolina. Upon information and belief, the fraud, deception, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts in the distribution, sale, and/or advertisement of the Pistols took place in North Carolina. Upon information and belief, the corporate decision not to disclose, but rather to misrepresent, the known Safety Device Defect was made by the Taurus Defendants Venue is further proper in this District as to Defendant Forjas Taurus pursuant to 28 U.S.C. § 1391(c)(3) because it is a Brazilian corporation and a defendant not resident in the United States may be sued in any judicial district.

**PARTIES**

11. Plaintiff Stacey Monroe ("Plaintiff") is a citizen of Cumberland County, North Carolina. Stacey Monroe is the duly appointed qualified executor of the estate of Erline Patrice Freeman, having been appointed as personal representatives of the estate of the decedent by the Clerk of Superior Court and *ex officio* Judge of Probate of Cumberland County, North Carolina.

12. Defendant Forjas Taurus is a Brazilian corporation with its principal place of business at Avenida de Forte, 511, Porto Alegre/RS, Brazil and Forjas Taurus manufactures the Pistols and other firearms in Brazil under the "Taurus" brand name and distributes the Pistols and other firearms in North Carolina and throughout the United States under the "Taurus" brand name via Defendants Taurus Manufacturing and Taurus Holdings.

13. Defendant Taurus Manufacturing and Taurus Holdings are Florida corporations, operating and conducting business in North Carolina. Defendants Taurus Manufacturing and Taurus Holding's principal place of business is in Miami, Florida. Taurus Holdings is the one hundred percent stockholder of Taurus Manufacturing and they are both in the business of

manufacturing, selling, and distributing firearms, including the Pistols, in North Carolina and throughout the United States. In addition, Taurus Manufacturing and Taurus Holdings assembled, marketed, imported, and distributed the Pistols in North Carolina and elsewhere.

14. The Taurus Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

15. This is an action for wrongful death occurring within North Carolina arising out of acts or omissions outside of North Carolina by these Defendants in which at or about the time of the injury solicitations were carried out by or on behalf of the Defendants within North Carolina services and/or products, materials or processed or manufactured by the Defendants were used or consumed within North Carolina in the ordinary course of trade.

## COMMON FACTUAL ALLEGATIONS

16. Forjas Taurus S.A. has been producing small arms in Brazil since 1941. In 1968, Forjas Taurus ventured into the U.S. market "by employing the services of a succession of U.S. distributors," but "[t]heir efforts met with only marginal success." As a result, the management of Forjas Taurus made the decision in 1982 to "take the bull by the horns" and open an affiliated United States company in Miami, namely, Defendant Taurus International Manufacturing, Inc. In 1982, when Forjas Taurus began distributing and selling its pistols here in the United States, it considered its brand of firearms to be "an unknown commodity in the United States" and "sales that first year in the United States were limited as a solid distribution system had to be established." In 1984, the Taurus Defendants decided to offer an "unqualified LIFETIME REPAIR POLICY." This "one brilliant piece of marketing changed the course of the company in this market" and "made everyone sit up and take notice of Taurus Firearms." As a result, according to

the Taurus Defendants, the "U.S. company has posted record years ever since." The location of the website providing the history of the Taurus Defendants, including Defendant Forjas Taurus' decision to open an affiliated company in Miami, Florida to import and distribute the Class Pistols and other firearms under the "Taurus" brand name throughout the United States is http://www.taurususa.com/history.cfm and a copy of the "Taurus History and Background Information" from the Taurus Defendants'.

17. The Taurus Defendants openly represent to the public that they "genuinely believe [they] manufacture firearms better than anyone else. Unlike other competitors that are merely 'assemblers' of firearms, **we manufacture everything; from the firing pins** to the magazines to the cutting tools. **Every piece and every part are owned by Taurus**. This results in higher tolerances, lower costs, faster prototypes and breakthrough innovations." See Taurus 2013 Product Catalog at 4, http://www.taurususa.com/pdf/2013_taurus_catalog.pdf (emphasis added) (last visited December 19, 2013).

18. The Defendants have designed, manufactured, and distributed certain Pistols including the Taurus Make PT24/7 PRO 40 Serial Number NYK51778 Pistol that is the subject of this case which have a dangerously defective Firing Pin Block Safety Device that causes the Pistol to discharge when the Pistol is dropped, the safety is in the "on" position, and no trigger pull occurs. This defective Firing Pin Block Safety Devise is proximately caused by the Defendants negligently defective design and/or a manufacturing process which was negligent in its process and/or implementation proximately resulting in a pistol including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol which was dangerously defective.

19. Taurus Pistol Make PT24/7 PRO 40 Serial Number NYK51778 is included among those

Taurus Models manufactured with the Safety Design Defect design described herein. According to Taurus, these particular Models or Series are equipped with certain "SAFETY DEVICES" which are described and illustrated by Taurus as follows:



a.

20. According to Taurus, "[i]f dropped from a height at which the pistol is normally used, the manual safety and automatic safety [i.e. the firing pin block] together provide double strong resistance against accidental firing caused by such impact." Taurus also refers to the "Firing Pin Block" as the "Automatic Safety" and/or "Automatic Firing Pin Block Safety." The Firing Pin Block, Automatic Safety, and Automatic Firing Pin Block Safety are referenced collectively throughout this Complaint as the "Firing Pin Block."

21. The common design of the Firing Pin Block Safety Device on Pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 Pistol is defective and as a proximate result there is nothing to prevent an accidental discharge even when the Manual Safety Lever is turned on and these pistols are dropped from a height at which the Pistols are normally used.

22. Since the design of the Firing Pin Block Safety Device is common to Defendants Pistols and is defective in all such Pistols, the use and/or maintenance of the Pistols by owners and users of the Pistol have no effect on the negligently defective design of the Pistols and the injuries and damages proximately resulting from the defective design.

23. The Defendants Pistols have a common latent design defect, specifically the Safety Device Defect, such that if the Defendants Pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol are used as intended they are negligently defective in design and in this case this defective pistol was a proximate cause of Plaintiff Decedents death.

24. The Taurus Defendants have knowingly manufactured, marketed, and sold thousands of defective Pistols with the negligently defective Safety Device Defect to consumers throughout the United States including North Carolina.

25. Despite knowing about the negligently defective Safety Device Defect for years, the Taurus Defendants consciously and intentionally decided not to recall the defective the Pistols which they knew or should have known are unreasonably dangerous and defective because they are negligently manufactured utilizing a negligently defective design specifically the Safety Design Defect.

26. The Taurus Defendants were aware of the Safety Device Defect on or before 2007.

27. Despite substantial information from multiple reliable sources available to Defendants by at least 2007 of a negligently defective design of the Firing Pin Block Safety Device and the fact that the Defendants pistols including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778 will discharge when dropped from a height at which they are normally used without the trigger being pulled and with the Manual Safety Lever properly set to prevent an accidental discharge, Taurus has not

undertaken any effort in the United States to reasonably warn the public and/or individuals who own Pistols about the negligently defective and unreasonably dangerous pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 Pistol.

28. The allegations in this Complaint are well-supported by the troublesome history of the Defendant Pistols, the harmful, sometimes life-threatening, consequences of their use by consumers, as well as the Taurus Defendants' continuing denial or failure to acknowledge the Defect. These critical facts about the Defendant Pistols and the Defect have been hidden from the public by the Taurus Defendants' pattern of concealing the Defect and refusing to warn the public despite the Taurus Defendants' actual or constructive knowledge of the Defect.

29. The Defendants Pistols including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778 are negligently designed and are defective and inherently dangerous. The Defendants have known about the negligently defective design for years, but have failed to warn gun owners and the public, including Plaintiffs Decedent, of the unreasonable and imminent danger and risk of harm presented by the Defendants' negligently defective pistol.

**FACTUAL ALLEGATIONS**

30. On or about December 13, 2015 the Plaintiff decedent, Erline Patrice Freeman was visiting the her friend, Richard Pugh-Newby, in the home owned by Jenniefer Pugh-Newby, the mother of Richard Pugh-Newby located at 6540 Wicklow Place, Fayetteville, North Carolina 28304.

31. On December 13, 2015 a permitted and loaded firearm specifically a Taurus Make PT24/7 PRO 40 Serial Number NYK51778 was placed on the top of a five foot tall refrigerator inside the residence. The subject pistol was designed, manufactured, imported, marketed

and sold by the Defendants. The subject pistol was purchased and owned by Richard Pugh-Newby who had placed the subject pistol on top of the refrigerator. The pistol was loaded but the safety was properly engaged. Erline Patrice Freeman was standing in the residence in the vicinity of the refrigerator. While Freeman was opening a cabinet door above the refrigerator Richard Pugh-Newby bumped into her. The Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol situated on the edge of the top of the refrigerator was knocked off of the refrigerator. The pistol had its safety engaged at the time it fell to the kitchen floor. The pistol fell to the kitchen floor and struck the floor**.** Upon striking the floor the Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol discharged a bullet. The bullet struck Plaintiffs decedent Erline Patrice Freeman in the upper thigh. Freeman was taken to the hospital by ambulance. This gunshot wound subsequently proximately cause Freeman's death while in the hospital.

32. Plaintiff has suffered or incurred at least the following damages for the wrongful death of the Deceased including, (a)Expenses for care, treatment, and the like, incident to the injury resulting in death; (b) Compensation for the Deceased's pain and suffering prior to her death; (c) The Deceased's reasonable funeral expenses; (d) The present monetary value of the Deceased to the persons entitled to receive the damages including, but not limited to, compensation for the loss of the reasonably expected net income of the Deceased, services, protection, care, and assistance of the Deceased, and the Deceased's society, love, companionship, comfort, guidance, kindly offices, and advice; (e) Damages for the loss of the life of the Deceased and for the loss of the enjoyment of life; (f) Other damages not herein specifically enumerated; and, (g) nominal damages.

**ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS**

33. The Taurus Defendants are estopped from relying on any statutes of limitation or repose by

virtue of their acts of fraudulent concealment, which include the Taurus Defendants' intentional concealment from Plaintiff, owner of the Pistol, Plaintiff's Decedent and the general public that the Pistols, including the subject Pistol, are defective, while continually marketing the Pistols with the "Safety Device" features described herein.

34. Given the Taurus Defendants' affirmative actions of concealment by failing to disclose this known but non-public information about the Safety Device Defect – information over which the Taurus Defendants had exclusive control – and because Plaintiff therefore could not reasonably have known that the Pistols were defective, Defendants are estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

## Count One

### Negligence

35. Plaintiff, incorporates by reference paragraphs 1 through 34 and all as though expressly stated herein in this paragraph.

36. At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should exercise in the design, testing, manufacture, assembly, marketing, supply, distribution and sales of Defendants' Pistols.

37. In violation of this duty the Taurus Defendants' negligently and carelessly designed its pistols including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778. The Plaintiff specifically re-alleges the allegations in paragraphs 18-23 and incorporate them by reference.

38. In violation of this duty the Defendants negligently manufactured and assembled their pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778.

39. In violation of this duty the Defendants negligently tested their pistols prior to distribution, including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778.

40. In violation of the duty this Defendants negligently failed to complete a reasonable inspection of their pistols after manufacture and assembly including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778.

41. A reasonable test and inspection of the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778 would have identified the unreasonably dangerous defect in the subject pistol which proximately caused the injury and death of Plaintiff's decedent.

42. As a direct and proximate result of these breaches of duty individually and collectively, Plaintiff's Decedent was exposed to a substantial, clear, and unreasonable risk of serious injury or death and was in fact shot and killed by the Defendant Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol. The shooting, injury and death were proximately caused by the negligence of the Defendants.

43. Plaintiff demands judgment against the Taurus Defendants for the compensatory damages for the wrongful death of Decedent.

## Count Two

### Breach of Express Warranty

44. Plaintiff, incorporates by reference paragraphs 1 through 43 as though expressly stated herein in this paragraph.

45. The Taurus Defendants provided with each of Defendant Pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol involved in this case express warranties which are made to every owner of a Pistol, including the Pistol in this case and to the public generally. The Taurus Defendants have memorialized these express warranties in writing. These express warranties are set forth in the Taurus Manual, the

"Limited Warranty," the "The Taurus Lifetime Repair Policy," and the "Taurus Unlimited Lifetime Repair Policy™" --- written documents which are provided with the Pistols and which are also published on the public website of the Taurus Defendants and therefore, are disseminated to the public generally. Each of the express warranties set forth in the Taurus Manual, the "Limited Warranty," the "The Taurus Lifetime Repair Policy," and the "Taurus Unlimited Lifetime Repair Policy™" is a separate and independent express warranty made to owner of the pistol and to the public who relied upon the express warranties in his use of the pistol and in Plaintiff decedent's decision to situate herself in the vicinity of the Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol which reliance proximately caused decedent's injury and death.

46. The express warranties made to the owner of the Pistol and the Plaintiffs decedent set forth in the Taurus Manual, include the following: (a) that the "Taurus pistols were manufactured to perform properly with the original parts as designed;" (b) that there is "SAFETY AGAINST ACCIDENTAL FIRING FROM DROPPING;" (c) that "[i]f dropped from a height at which the pistol is normally used, the manual safety and automatic safety together provide double strong resistance against accidental firing caused by such impact;" (d) that "[t]he firing pin block" is "designed to prevent the firing pin from going forward and striking the primer . . . until the trigger is in its final rearward position;" (e) that the Pistols were "designed to preclude an accidental discharge should the firearm be dropped;" (f) that "[b]y moving the safety upward you will block the firing mechanism;" (g) that the Pistols were "carefully inspected and test fired in order to ensure that it conformed to our specifications and standards." The Taurus Defendants breached these express warranties by not providing a product which could provide the safety benefits described in this paragraph and as a proximate result of the Taurus

Defendants' breach of these express warranties, Plaintiff was damaged by the wrongful death of Plaintiff's decedent.

47. The express warranties made to the owner of the Pistol and the Plaintiffs decedent set forth in the "Limited Warranty," include the following: (a) that "[h]and guns manufactured by Taurus are warranted to be free from defects in material and workmanship;" and (b) that it "extends to any owner of a Taurus handgun manufactured after July 3, 1975." Plaintiff in privities of contract with the Taurus Defendants and/or are the express beneficiaries of the express warranties set forth in the "Limited Warranty" and these express warranties became part of the basis of the bargain. The Taurus Defendants breached these express warranties by not providing a product which could provide the benefits described in this paragraph and as a result of the Taurus Defendants' breach of these express warranties, Plaintiff have been damaged by the wrongful death of Plaintiff's decedent.

48. The express warranties made to the owner of the subject pistol and Plaintiff decedent and set forth in the "Taurus Unlimited Lifetime Repair Policy,™" include the following: (a) the "Taurus Unlimited Lifetime Repair Policy™" is for the "lifetime of the gun . . . not the buyer;" (b) that the Taurus Defendants "stand behind [their firearms] for a lifetime;" (c) that the Taurus Defendants' "unprecedented repair policy stands firmly behind every firearm imported or manufactured by Taurus International;" (d) that the "full terms" of the Taurus Unlimited Lifetime Repair Policy™ are that the Taurus Defendants "will repair your Taurus firearm FREE OF CHARGE for the lifetime of the firearm;" and (e) that the Taurus Defendants are "totally committed to the very highest standards of quality, dependability, and most of all, customer satisfaction." The Taurus Defendants breached these express warranties by not providing a product which could

provide "the very highest standards of quality, dependability, and most of all, customer satisfaction" and the Taurus Defendants' breach of these express warranties, proximately caused the wrongful death of Plaintiff's decedent.

49. The Taurus Defendants provided the express warranties described in paragraphs 51 through 55 to the owner of the Pistol and Plaintiff decedent as a member of the public and both have relied upon these express warranties.

50. The owner of the pistol and the Plaintiff's decedent are the express beneficiaries of the express warranties described in paragraphs 44 through 50. To the extent required by law, the Taurus Defendants have expressly waived privity of contract as a requirement to the enforceability of any of their express warranties.

51. The breach of the express warranties described in paragraphs 44 through 50 is a proximate cause of the Plaintiff's decedent wrongful death.

52. Plaintiff decedent demands judgment against the Taurus Defendants for compensatory damages as provided by the North Carolina wrongful death statute § 28A-18-2.

**Count Three**

**Negligent Failure To Disclose, Failure To**

**Warn, Concealment And Misrepresentation**

53. Plaintiff incorporates by reference paragraphs 1 through 52 hereto as though expressly stated herein in this paragraph.

54. The Defendants pistols including the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778 are unreasonably dangerous and the Defendants at all times relevant had a duty to disclose to and warn the owner of the Pistol and Plaintiff's decedent, a member of the public, truthfully and accurately about the unreasonable danger caused by the negligent design defect and had a duty not to conceal or misrepresent the safety defect

in the Defendants pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol specifically the Safety Device Defect. The Defendants had to provide a fair and adequate warning of the dangerous potentiality of the Pistols due to the negligently created Safety Device Defect.

55. The Taurus Defendants had a duty to provide a fair and adequate warning of the unreasonably dangerous potentiality of the Pistols including the subject Taurus Make PT24/7 PRO 40 Serial Number NYK51778 pistol caused by the negligently designed and manufactured Safety Design Defect.

56. The Taurus Defendants could reasonably foresee that the Pistols, due to the latent Defect, posed a clear, substantial and unreasonable risk of personal injury and death.

57. Notwithstanding this duty, and in violation thereof the Defendants carelessly and negligently failed to disclose to and warn the owner of the Pistol and Plaintiffs decedent, about the latent Safety Design Defect and affirmatively concealed and misrepresented the latent Safety Device Defect which posed a clear, substantial and unreasonable risk of personal injury and death. The Defendant knew or reasonably should have known that the pistol had the unreasonably dangerous safety defect at the time of its distribution.

58. Because the owner of the subject Pistol and Plaintiffs decedent did not have an equal opportunity to discover such truth about the fact that Taurus Defendants' pistols including the subject pistol was defectively designed, the owner of the Pistol and Plaintiffs decedent used the Pistol in a manner that was reasonable, but despite reasonable use the unreasonably dangerous design defect proximately caused Plaintiffs decedent's injury and death. If the owner of the subject pistol Taurus Make PT24/7 PRO 40 Serial Number NYK51778 and/or the Plaintiff's decedent had been warned about the design defect, they could and would have taken additional precautions to avoid injury from

the defective subject pistol.

59. Because the Pistols were not in fact fit for use, merchantable, and reasonably safe for their intended purposes, and because of the Taurus Defendants' negligent failure to disclose and warn and their concealment and misrepresentation of such facts, and as a direct and proximate result Plaintiff's decedent was exposed to a clear, substantial and unreasonable risk of serious injury and death and in fact suffered death proximately caused by Defendants.

60. Plaintiff demands judgment against Taurus for damages wrongful death as provided by as provided by the North Carolina wrongful death statute § 28A-18-2 plus attorney's fees, interest and costs.

**PRAYER FOR RELIEF**

1. The Plaintiff recover from the Defendants' jointly and severally compensatory damages in excess of $75,000.00 as provided by the North Carolina Wrongful Death Statute;

2. The Defendants' by taxed with the costs of this action including attorney's fees in the extent allowed by law;

3. A trial by jury; and

4. Such additional relief as the Court deems appropriate.

Dated: 1/30/18    Respectfully submitted by:

Attorney for Plaintiff

/s/ Coy E. Brewer, Jr.
Coy E. Brewer, Jr.
NC Bar Number: 481
Post Office Box 2249
Fayetteville, NC 28302
Telephone: 910-339-4370
coybrewer@lawyerbrewer.com

                                                /s/ Allen Rogers  
Allen Rogers  
Attorney for Plaintiff  
NC Bar Number 15557  
111 Person Street  
Fayetteville, NC 28301  
Tel:    910-433-0833  
Fax:   910- 433-0908